P. MAROMAN'S ADMR. *v.* MARTHA A. BUNTING.

**Property—Stock in Railroad Is Realty—Descent and Distribution.**

> The capital stock in a railroad corporation is realty and descends to the heirs at law of the original owner, and they are entitled to hold same and enjoy the profits, in the way of dividends, arising from such estate as against the personal representatives.

APPEAL FROM BULLITT CIRCUIT COURT.

September 16, 1871.

OPINION BY JUDGE LINDSAY:

At the time the appellant procured to be issued to him as administrator *de bonus non* of his deceased father the certificates of stock in the Louisville & Nashville Railroad Company, such stock in law was realty and was so held and treated by the courts.

Upon the death of his father this stock descended to him and his brothers and sisters.

It is true it was all the while liable to be subjected to the payment of the appellee's judgment by proper proceedings in a court of competent jurisdiction. But, like other realty, until so taken and sold, the heirs at law of the original owner were entitled to hold and possess the muniments of their title, and to enjoy the profits in the way of dividends arising from such estate.

It was therefore error to subject the accrued dividends in the hands of the appellant to the payment of appellee's judgment. Such dividends in law belong to the appellant and his brothers and sisters.

It appears from the record that none of the heirs of the decedent except the appellant were before the court upon the appellee's petition. For this reason it was error to adjudge a sale of the stock. The purchaser will not secure a perfect title, as the heirs not before the court can, notwithstanding the judgment, assert title as against him.

The record does not justify the conclusion that appellant in securing the certificates of stock acted in such bad faith, as to forfeit all claim to credit on account of the expenses necessarily incurred by him in the transaction through which the same were secured.

It seems the services of his attorneys were necessary, and that the fee paid them was not unreasonable.

Appellant and his co-heirs were by law entitled to have the certificates of stock issued to them. And when the appellee subjects it in their hands to the payment of her judgment she can not complain at being required out of its proceeds to pay a fair proportion of the expense necessarily incurred in getting the evidence of title perfected, and the court below should have required her to do so.

The costs of the litigation arising upon the original petition of appellee should be paid out of the proceeds of the property sold, and not taxed against the appellant.

For the reasons set out the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Thompson, for appellant.*

*R. H. Field, for appellee.*